UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JONATHAN LANCASTER,**

    **Plaintiff,**

v.                                                      **CASE NO.:**

**DISCOUNT AUTO PARTS, LLC**
A Foreign Limited Liability Company,

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JONATHAN LANCASTER (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant DISCOUNT AUTO PARTS, LLC (hereinafter "Defendant"), and states the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff against his former employer for violations of the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA") and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"). As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits,

compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## **PARTIES**

2. Plaintiff began his most recent employment with Defendant on or about July 25, 2022.

3. Plaintiff was employed as a Parts Professional for Defendant.

4. Defendant is an auto parts store.

## **JURISDICTION & VENUE**

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA. An express grant of federal court jurisdiction over these federal claims are found in the ADA Amendments Act of 2008.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Altamonte Springs, Florida.

8. Defendant conducts business in Altamonte Springs, Florida.

9. Plaintiff was employed with Defendant in Altamonte Springs, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in the Middle District because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is an individual with a disability.

15. Plaintiff suffered discrimination based on his disability.

16. Plaintiff was retaliated against for requesting accommodations based on his disability.

17. On July 31, 2022, Plaintiff was operating a bicycle when he was struck by an automobile traveling at a high rate of speed.

18. Plaintiff suffered several injuries, most notably to his skull and back.

19. More specifically, Plaintiff suffered a skull fracture, as well as frontal left lobe damage.

20. These injuries required the regular intervention of a neurologist, chiropractor, and orthopedic, as well as C5-7, and L5-S1 fusion surgery.

21. Plaintiff's injuries affected one or more major life activities namely, taking baths, standing more than 30 minutes, turning around, and others.

22. Defendant was aware of Plaintiff's injuries and the required medical appointments related to his injuries and recovery.

23. Plaintiff is a member of a class of individuals protected by the FCRA and the ADAAA.

24. Plaintiff was qualified for his position of employment as a Parts Professional.

25. The Defendant meets the statutory criteria for coverage as an "employer" under the FCRA and the ADAAA.

26. Plaintiff meets the statutory criteria for coverage as an "employee" under the FCRA and the ADAAA.

27. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 31, 2023.

28. The EEOC issued a Notice of Right to Sue on October 11, 2023.

29. Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

30. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

31. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

32. Plaintiff returned to working for Advanced Auto Parts on July 25, 2022, following a short hiatus to tend to some deaths in the family.

33. He earned $16.50 an hour and worked an average of 50 hours per week.

34. Unfortunately, on July 31, 2022, Plaintiff was operating a bicycle when he was struck by an automobile traveling at a high rate of speed.

35. Plaintiff suffered several injuries, most notably to his skull and back.

36. These injuries have required the regular intervention of a neurologist, chiropractor, and orthopedic.

37. Plaintiff's injuries affected one or more major life activities qualifying him as disabled.

38. Following Plaintiff's accident, the Defendant failed to accommodate Plaintiff's doctor appointments.

39. The Defendant also failed to provide Plaintiff with work within his prescribed restrictions.

40. For example, Defendant mandated that Plaintiff change out heavy car batteries that were well beyond his weight restriction.

41. The Defendant continually showed their frustration with Plaintiff's requests for accommodations.

42. The Defendant has also specifically told Plaintiff that his situation is an inconvenience, in reference to Plaintiff's disability.

43. Plaintiff was formally terminated on September 30, 2022.

44. Defendant refused to engage in the interactive process to find a solution that would comply with Plaintiff's accommodation needs.

45. Instead of working with Plaintiff to find another position he could do, Defendant kept Plaintiff's employment in his same position but eventually terminated him.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF FCRA

46. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-44 as though fully stated herein.

47. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

48. Defendant discriminated against Plaintiff based on his disability.

49. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

50. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

51. At all material times, Plaintiff was qualified to perform his job duties.

52. Defendant discriminated against Plaintiff because of his disability.

53. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

54. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF FCRA

55. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1-45, as though fully stated herein.

56. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

57. At all material times, Plaintiff was qualified to perform his job duties.

58. Defendant retaliated against Plaintiff because of his complaints about disability discrimination.

59. Plaintiff engaged in statutorily protected activity when he complained to Defendant regarding the discriminatory behavior against him.

60. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

61. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT III

## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

62. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, and 7-44 above.

63. Plaintiff's medical conditions and restrictions were a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

64. Defendant's conduct, including but not limited to its refusal allow him time off to care for himself or to engage in any dialogue regarding making a reasonable accommodation, discriminated against Plaintiff with respect to the

9

compensation, terms, conditions, or privileges of employment because of Plaintiff's disability and/or perceived disability.

65. As a natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

66. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

67. The disability discrimination Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

    a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to

Plaintiff;

b.     Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

c.     Awarding judgment against Defendant for compensatory damages;

d.     Awarding judgment against Defendant for punitive damages;

e.     Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.     Awarding Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.     Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

h.     Granting such other and further relief as the Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADAAA

69.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, and 7-45 above.

70.     Plaintiff requested a reasonable accommodation for his

disability/perceived disability. This constituted protected activity under the ADAAA.

71. Plaintiff was terminated instead of being accommodated based on his disability.

72. Upon information and belief, Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for Plaintiff could care for himself, and resulting termination of Plaintiff's employment, was, in whole or in part, motivated by Plaintiff's request for accommodation.

73. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

74. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

75. The retaliation Plaintiff suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

76. Plaintiff is entitled to recover reasonable attorneys' fees and

litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.  Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.  Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c.  Awarding judgment against Defendant for compensatory damages;

d.  Awarding judgment against Defendant for punitive damages;

e.  Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.  Awarding Plaintiff him costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.  Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

    h.      Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __9th__ day of January, 2024.

        Respectfully submitted,
        <u>s/ Edward W. Wimp</u>
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com

        Anthony Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        1560 N. Orlando Ave., Suite 600
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff